UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILDER LENIN SANCHEZ MATUTE,

       Plaintiff,

           vs.

NOURES FOOD CORP. d/b/a C-TOWN
SUPERMARKETS, TOOFAN FOOD CORP.,
QASED ABDELHAMID, SAMER
ABDELHAMID, NOURES ABDELHAMID,
and RAED ISMAIL,

       Defendants.
------------------------------------------------------------X

**ORDER**

**25-cv-1178 (LKE)**

**LARA K. ESHKENAZI,** United States Magistrate Judge:

Before the Court is the letter motion of Plaintiff Wilder Lenin Sanches Matute ("Matute" or "Plaintiff") to strike the answer of Defendants Noures Food Corporation ("Food Corp."), Toofan Food Corporation ("Toofan"), Qased Abdelhamid ("Qased"), Samer Abdelhamid ("Samer"), Raed Ismael ("Raed"), and Noures Abdelhamid ("Noures" and together "Defendants"). (Letter Mot., ECF 32; Answer, ECF 24.) For the reasons set forth below, the Court grants Plaintiff's motion.

## I.    **BACKGROUND**

Plaintiff filed a summons and complaint on March 3, 2025, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 203 *et seq.*, and the New York Labor Law, N.Y. Lab. L. §§ 650 *et seq*. (ECF 1.) Plaintiff served each Defendant in early March 2025, and in April of 2025, Defendants moved for and were granted an extension of time to answer. (ECFs 9-14, 21; April 11, 2025, Text Order.) The case was referred to the EDNY Court-Annexed Mediation Program in April 2025, and Defendants submitted their answer on April 29, 2025. (April 11, 2025, Order Referring

Case to Ct.-Annexed Mediation Program; ECF 24.) The parties consented to Magistrate jurisdiction on May 9, 2025, and commenced mediation in early June 2025. (ECFs 25-27.)

The parties reported that they had reached a settlement in September 2025. (ECF 29.) Shortly thereafter, Plaintiff filed a motion for settlement approval. (ECF 30.) At the *Cheeks* hearing held on October 9, 2026, defense counsel indicated that his clients were no longer prepared to go through with the proposed settlement agreement. (*See* Oct. 9, 2025, Min. Entry.) The Court scheduled a status conference for November 4, 2025, and directed all individual defendants to appear. (Oct. 9, 2025, Scheduling Order.) At the conference, however, only Defendant Qased and attorney Michael Walker appeared for Defendants, and Michael Walker notified the Court that he intended to file a motion to withdraw due to the conflicting positions of his clients. (Nov. 4, 2025, Min. Entry.)

Defense counsel filed a motion to withdraw on December 2, 2025. (ECF 31.) The Court granted the motion on December 3, 2025, and directed Defendant Qased to find new counsel and have his new counsel to submit a notice of appearance by January 5, 2026. (Dec. 3, 2025, Text Order.) No counsel appeared, even after this Court extended the deadline to retain new counsel to February 11, 2026. (Feb. 5, 2026, Text Order.)

Plaintiff submitted a letter motion requesting that the Court strike Defendants' answer on February 11, 2026, and served it on Defendants the next day. (ECFs 32, 33.) Despite two orders requesting that they do so, Defendants have not responded to Plaintiff's motion. (*See* Feb. 12, 2026, Text Order; *see also* Mar. 10, 2026, Text Order.) The Court now addresses Plaintiff's letter motion.

## II.    DISCUSSION

Corporate entities may not appear in federal court *pro se*. See 28 U.S.C. § 1654; *see also Merch. Cash & Cap., LLC v. Progressive Rent A Car, Inc.*, No. 16-cv-3720 (AMD) (VMS), 2018 WL 4268908, at *3 (E.D.N.Y. Aug. 15, 2018) ("Federal law is clear that a corporation may not appear pro se for himself but rather must be represented by counsel."); *Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007) (holding that a layperson may not represent a "separate legal entity" such as a corporation, a partnership, or a limited liability company). As such, Noures and Toofan must obtain representation or risk the possibility of a default judgment being entered against them.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to comply with a Court Order, the Court may apply sanctions against the disobeying party including: "(iii) striking pleadings in whole or in part; (…) (vi) rendering a default judgment against the disobedient party (…)." *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), 37(b)(2)(A)(iv). And "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including [those proceeding] pro se[], have an obligation to comply with court orders." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). If a party fails to comply with a court's orders, the court may impose Rule 37(b) sanctions for noncompliance. *See* Fed. R. Civ. P. 37(b). A court exercising its discretion to impose sanctions under Rule 37(b) must consider four non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-cv-1318, 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017).

This Court's orders have been clear and straightforward throughout the case, including the multiple orders directing Defendants to appear, obtain new counsel, or respond to Plaintiff's letter motion. (*See* Oct. 9, 2025, Min. Entry; Nov. 4, 2025, Min. Entry; Dec. 3, 2025, Order; Feb. 5, 2026, Order; Feb. 12, 2026, Order; Mar. 10, 2026, Order.) Defendant Qased attended the Court's November 4, 2025, status conference, and the corporate defendants were served with Plaintiff's letter motion. (Nov. 4, 2025, Min. Entry; Proof of Serv., ECF 33.) Because Defendants have not participated in this action since the November 4, 2025, status conference, the Court has no way of knowing whether their noncompliance is due to reasons outside of Defendants' control. As such, Defendants' noncompliance with the Court's orders is willful. *See Channel One Russ. Worldwide*, 2017 WL 3671036, at *21 ("Noncompliance with …orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control."). In addition, as Defendants have shown no signs of attempting to comply with this Court's orders, the Court does not believe that sanctions less than the striking of Defendants' answer would be effective. *Shcherbakovskiy v. Seitz*, 450 Fed. App'x 87, 88 (2d Cir. 2011) (finding that a "district court is not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." (internal quotations and citations omitted)). Defendants' noncompliance, which has been ongoing since early November 2025, has endured long enough to warrant sanctions under Rule 37(b). *See Urbont v. Sony Music Entm't*, No. 11-cv-4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (noting that courts "have found noncompliance for a period of several months sufficient to warrant dismissal or default."). Finally, the Defendants have been provided with ample notice of potential sanctions, as they have been warned multiple times since November 2025 that they

4

have fallen out of compliance with the Court's orders. (Feb. 5, 2026, Order; Feb. 12, 2026, Order; Mar. 10, 2026, Order.)

For these reasons, the Court concludes that Defendants' answer should be stricken.

### III.   <u>**CONCLUSION**</u>

Based on the foregoing, the Court finds that Defendants' answer should be stricken from the record. Plaintiff shall request a Clerk's Certificate of Default as against each Defendant on or before April 27, 2026. Within 30 days of the Clerk's entry of default, Plaintiff is instructed to move for default judgment against Defendants.

**SO ORDERED.**

Brooklyn, New York
April 13, 2026

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
United States Magistrate Judge